MORGAN, LEWIS & BOCKIUS LLP
DONALD P. SULLIVAN, State Bar No. 191080
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: dpsullivan@morganlewis.com

Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL G. BUNNEY,

Plaintiff,

vs.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

Case No. 08-cv-760 BTM POR

**ANSWER TO PLAINTIFF'S CLAIM AND ORDER TO GO TO SMALL CLAIMS COURT**

DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Defendant"), by and through its attorneys, hereby answers Plaintiff Michael G. Bunney's ("Plaintiff") Claim and Order to Go to Small Claims Court that Defendant removed to this Court on April 28, 2008. For its Answer, Defendant responds as follows:

1. Defendant denies each and every allegation contained in Plaintiff's Claim and Order to Go to Small Claims Court. Defendant alleges that Plaintiff is neither entitled nor qualified to receive the disability benefits he seeks from Defendant by way of his lawsuit.

///

///

///

///

**AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the claim asserted by Plaintiff in his Claim and Order to Go to Small Claims Court, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Claim and Order to Go to Small Claims Court fails as a matter of law because Plaintiff has failed to allege facts sufficient to support an actionable claim under ERISA.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Claim and Order to Go to Small Claims Court fails as a matter of law because Plaintiff has failed to exhaust his administrative remedies as required by ERISA.

**THIRD AFFIRMATIVE DEFENSE**

Any recovery by Plaintiff is limited to the relief available under ERISA Section 502(a)(1)(B) and the terms of the Plaintiff's employee benefit plan.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Claim and Order to Go to Small Claims Court fails to state an actionable claim under ERISA to the extent that Plaintiff is seeking prejudgment interest or other relief not available under ERISA.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Claim and Order to Go to Small Claims Court fails as a matter of law because Plaintiff has already received all of the benefits to which he is entitled under the terms of his employee benefit plan.

**SIXTH AFFIRMATIVE DEFENSE**

The decision regarding Plaintiff's claim for benefits was based on substantial evidence,

and as such did not constitute an abuse of discretionary authority granted to the claims review fiduciary under the terms of Plaintiff's employee benefit plan, making Plaintiff not entitled to recovery of disability benefits.

**SEVENTH AFFIRMATIVE DEFENSE**

Should the Court determine that Plaintiff is entitled to the payment of benefits, which Defendant expressly denies, Defendant is, pursuant to the terms of Plaintiff's employee benefit plan, entitled to offset or deduct from any payment to Plaintiff any income Plaintiff is receiving or has received from any other source, including, but not limited to, Social Security disability insurance, other State or Federal disability insurance, Worker's Compensation, and/or any other government disability benefits.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Claim and Order to Go to Small Claims Court is barred by the doctrine of equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of waiver because of Plaintiff's own conduct, acts, and omissions.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees under ERISA §502(g).

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's state law claims are preempted by ERISA § 504.

**TWELFTH AFFIRMATIVE DEFENSE**

Because Plaintiff's Claim and Order to Go to Small Claims Court is vague, ambiguous,

uncertain, mispled, and couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, Defendant reserves the right to assert additional defenses if and to the extent that such defenses are applicable.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by the Claim and Order to Go to Small Claims Court and judgment be entered for Defendant;

2. That Defendant be awarded all costs of suit incurred herein;

3. That Defendant be awarded reasonable attorneys' fees; and

4. That Defendant be granted such other and further relief as the Court deems just and proper.

Dated: May 2, 2008

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By /S/ Donald P. Sullivan
Donald P. Sullivan
Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

1-SF/7698642.1

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On **May 2, 2008**, I served the within document(s):

**ANSWER TO PLAINTIFF'S CLAIM AND ORDER TO GO TO SMALL CLAIMS COURT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing true and correct copies of the documents listed above in sealed envelopes with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

Michael G. Bunney
3525A Del Mar Heights Road, #325
San Diego, CA 92130

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **May 2, 2008**, at San Francisco, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Mary Gonzalez